## Chicago City Railway Company v. John Donnelly.

### Gen. No. 13,356.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review on the ground that it is against the weight of the evidence unless it is manifestly so.

2. INSTRUCTIONS—*need not repeat.* The court will properly refuse an instruction, the substance of which is contained in another given.

3. CONTRIBUTORY NEGLIGENCE—*what essential to preclude recovery by reason of.* Contributory negligence, to preclude a recovery, must proximately contribute to the injury complained of.

4. EVIDENCE—*when statement of medical witness not prejudicial.* A statement by a medical witness to the effect that the plaintiff "had suffered violence" is not ground for reversal.

5. PERSONAL INJURIES—*what evidence competent with respect to extent of.* Evidence to the effect that a dislocation of a shoulder produces a predisposition to a second dislocation on slight cause, is competent.

6. ARGUMENTS OF COUNSEL—*when not ground for reversal.* In order that an argument of counsel shall constitute ground for reversal, it must appear that the cause is flagrant where the trial judge has done his part towards keeping counsel within due bounds.

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed October 3, 1907.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court of Cook county against the appellant for $1,500 in a personal injury case. The judgment was rendered upon the verdict of a jury for $2,000, from which a *remittitur* of $500 had been entered before a motion for a new trial and a motion in arrest of judgment were denied.

The declaration was in five counts. The first charged in apt words that the plaintiff was in the act of boarding a Thirty-ninth street car of the defendant to become a passenger thereon, when said car at the request of the plaintiff had stopped at the intersection of 39th street and Prairie avenue (the place being laid under a *videlicet*), and that while the plaintiff, with all due care and diligence, was getting on said car, the defendant, by its servants, caused the car to be suddenly started, by which the plaintiff was thrown down to the ground, to his great injury. The second count is the same, with the statement that the servants of the defendant operating the car were the motorman and conductor of the same. The third count charges the negligence as follows: "The said plaintiff signaled to the said motorman to stop the said last mentioned car so that the plaintiff could become a passenger thereon, and thereupon the said motorman slackened the speed of said car until it came almost to a standstill at to-wit, the said intersection of 39th street and Prairie avenue, which said intersection   *   *   * was a usual and customary place for the receipt and discharge of passengers,   *   *   *   but   *   *   *   while the plaintiff with all due care and diligence was then and there about to get upon   *   *   *   the same, the defendant by its servants   *   *   *   caused the said car to be suddenly and violently started," whereby the plaintiff was thrown to the ground and grievously injured.

The fourth count charges the same negligence as the third, while the fifth, after amendment, alleges that while the plaintiff was boarding the car the defendant slackened the speed of the car as though to stop, and then caused it to be suddenly and violently started.

To this declaration as amended the defendant pleaded the general issue.

Under the assignments of error in this court it is urged that the judgment should be reversed: first, because the verdict is against the manifest weight of the evidence; second, because of the admission of improper evidence offered in behalf of appellee; third, because proper instructions re-

quested, by the appellant were refused; fourth, because the verdict was excessive; and fifth, because the appellee's counsel in his address to the jury made improper and inflammatory statements and appeals.

WILLIAM J. HYNES, JAMES G. CONDON and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

RUSSELL M. WING, FRED M. WING and FRED W. BENTLEY, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The position most strongly urged by appellant in this case is that the verdict was contrary to the weight of the evidence.

We think the effect of the evidence was a question for the jury, with whose answer we should not interfere. While it is true, that we have, as we are frequently reminded, the right and duty to set aside a verdict and reverse a judgment where, after considering the evidence, we find such a verdict and judgment clearly and manifestly against its weight, this does not mean that we should in the case of conflicting testimony compare the number of witnesses on one side with that of those on the other, and give judgment according to the numerical preponderance, nor does it mean that between such conflicting witnesses, telling equally probable and natural stories, without circumstantial corroboration of importance on the one side or the other, we should disregard the jury's evident decision as to relative credibility, and make ourselves, who have neither seen nor heard the witnesses, the judges of that which, since the beginning of jury trials, has been especially regarded as a question for jurymen to decide.

It would be, in this case, to u‹ ‹ the function of the jury were we to decide on the f‹‹‹ s the appellant asks us to do. The plaintiff was a far‹ fty-six years of age, living near Toluca, Illinois. In    go on February 4, 1903, with a companion, he was ‹  .ing at the intersection of a street (either Elmwood ave    or Langley avenue)

C. C. Ry. Co. v. Donnelly.

with Thirty-ninth street.    An electric street car operated by the appellant company was approaching on Thirty-ninth street from the east.    The plaintiff and his companion were desirous of becoming passengers thereon.    The plaintiff tried to get on the car at the west side of the intersection, and to that end caught a rail of the car at the rear with his left hand.    He was thrown to the ground and his right shoulder dislocated.    From this injury he has, according to his own testimony and that offered in his behalf, suffered a good deal of pain and disability.

The plaintiff himself and his companion, who was his brother-in-law, testified positively that the car, in the obedience to a signal from the plaintiff, came to a stop at the western side of the intersection, that the plaintiff was attempting to board it, and had his hand upon a rail, and that before he had a reasonable opportunity to get on it started with a violent jerk. · There was nothing improbable in their story.    Accidents of this character frequently happen, and will probably continue so long as human nature is as prone as at present to carelessness and mistakes.    Defendant's counsel insist that the credibility of both witnesses was impeached by contradiction on collateral points, and that of the brother-in-law further by a discreditable offer to absent himself from the trial if he were given employment by the defendant.    It is not necessary for us to say of this more than that an examination of the record does not make it clear to us that for these reasons a jury of reasonable men would have refused credence to this story of the accident.    If this story is true, the defendant is liable.

Four witnesses, however, the conductor, motorman and two passengers on the car, contradicted the accounts of plaintiff's witnesses.    It may be assumed that these witnesses for the defendant were all testifying as to the accident in question, although it is not an unfair matter of argument, we think, that, as the plaintiff's counsel insists, one or both of the passengers may have been present at, and been describing on the stand an accident other than the one involving the plaintiff's injury.    But we may assume, as the balance

of probability undoubtedly indicated, that they saw and described the accident to the plaintiff. Their story in effect was that the plaintiff attempted to board the car while it was in motion, that it had been and was running at a rate not exceeding four or five miles an hour (the witness Flavin, one of the passengers, says, "four or five," Lyon, the other passenger, and the motorman say "three or four," and the conductor "about three"), that it was slowing down, that the plaintiff fell or was thrown down because he tried to get on the car before it stopped, that it did stop afterward and that there was no jerk or increase of speed after the plaintiff started for the car and before that stop. If this story was believed in its fullness by the jury, then under the instructions given by the court, it must have found a verdict for the defendant; but the testimony, like that for the plaintiff, was open to fair argument and critical analysis, and in our opinion it cannot be said that no jury of honest, intelligent and reasonable men could reasonably have come to a conclusion on the whole case as made before them favorable to the plaintiff's version of the occurrence.

It would be putting ourselves in the position of counsel or of the jury to discuss the conflict of testimony and the inherent probabilities. We content ourselves with stating the conclusion that we think the jury in the exercise of their judgment may reasonably have decided from the whole case either that the plaintiff's story was accurate, or that if the car had not entirely stopped when the plaintiff tried to board it, it had practically done so, and started suddenly before he had succeeded. In either case, under the pleadings and instructions (which latter, as we think, correctly stated the law), they might properly find for the plaintiff.

It is, however, argued that there was error in refusing instructions tendered by the defendant.

The plaintiff did not ask for or tender any instructions. The defendant presented thirty-four, of which the court gave twenty-nine and refused five.

The twenty-fourth, which was given as drawn and tendered by the defendant, was as follows:

C. C. Ry. Co. v. Donnelly.

"The court instructs the jury that if they shall find from the evidence that the plaintiff in attempting to board the car in question, at the time and in the manner he did as found from the evidence, was not in the exercise of ordinary care and caution for his own safety upon his part, and that he thereby caused the accident in question, or proximately contributed to cause it, then your verdict must be not guilty."

The 11th, 13th, 20th and 21st instructions, also given as drawn by defendant, told the jury that the plaintiff could not recover unless he proved by a preponderance of the evidence that at the time in question he was in the exercise of due care and caution for his own safety.

The instructions of the refusal of which complaint is made, were the 1st and 2nd, as follows:

"1.   The jury are instructed that if they believe from the evidence that the plaintiff attempted to board the car in question while it was in motion, and that his conduct in doing so was a want of ordinary care for his own safety which contributed to the injury, then you should find the defendant not guilty.

"2.   If it appears from the evidence that the plaintiff attempted to board the car in question while it was in motion, and that his fall and injury were due to that fact, and that such conduct on his part was a want of ordinary care for his own personal safety, then the jury are instructed that he cannot recover in this case, and that the verdict should be not guilty."

Perhaps these instructions might properly have been given, although we think the objections pointed out to their form as likely to mislead the jury into believing that the court meant it was negligence *per se* to attempt to board a car which was starting or stopping, is not without force.

But we think their refusal was not error in any event, because all that was essential in them was covered by those which we have mentioned which were given.

As counsel for appellee point out in their argument, there was no act of the plaintiff involved, which could have proxi-

mately contributed to the injury, but that of attempting to
board the car while it was in motion—that is, lifting his
foot and taking hold of the hand-rail under that condition.

It is not true, as appellant argues, that "proximately con-
tributing" is the same thing as "materially contributing,"
and the cases cited to the effect that the doctrine of com-
parative negligence no longer prevails in this State, and that
it is therefore error to instruct the jury that the plaintiff
would be entitled to recover if his own carelessness did not
*materially* contribute to the injury, are not in point.   More-
over, the defendant itself recognized the propriety of stat-
ing that the carelessness of the plaintiff which should pre-
vent his recovery must *proximately* contribute to the acci-
dent by inserting that word in the twenty-fourth instruction
given at its instance.

It is urged that serious error was committed by the trial
judge in admitting the evidence of Dr. Belfield, who was
called to see the plaintiff after the dislocation had been re-
duced, that he saw that plaintiff "had suffered violence."
We are at a loss to see how this could have injured defendant
if it were erroneous.   Dr. Belfield's testimony was of no
particular importance.   There is no dispute about the fact
that the plaintiff fell in attempting to board the car, and
that his shoulder was dislocated.

It is also argued that it was erroneous to admit Dr. Kier-
nan's testimony that a dislocation of the shoulder produces
a predisposition to a second dislocation on slight causes, and
evidence also that on two occasions after this accident, one
being on a very evidently slight cause, dislocation of the
same shoulder of the plaintiff had occurred, although before
said accident there had never been one.

The Pittsburg, Fort Wayne and Chicago R. R. Co. v.
Moore, 110 Ill. App., 304, is cited as an authority for this
contention.   But it differs from this case and has been dis-
tinguished by this court from cases similar to the present
one.   An actual condition of the body, in weakness or ab-
normality of any part producing an especial liability to
troubles not before to be especially apprehended, if it ex-

ists in consequence of an injury, is a present result of such injury, and it is a proper subject of expert opinion whether such a condition must exist in a given hypothetical case. When that condition has been testified to as the natural result of a given supposed injury, it is competent and material to show that subsequent accidents which may have been the result of such a condition and might not have happened without it, actually did happen, and proper to leave it to the jury, under such instructions (instructions 22 and 29) as were given in this case, to say whether the subsequent injuries were the result of the injury sued for.

Another complaint made by appellant is that the verdict was excessive. It does not seem to us that it was so large as to show passion and prejudice, nor, under the evidence in the cause and after the *remittitur,* does the judgment seem extravagant. If the defendant was liable at all for the injury, we do not think there would be any propriety in disturbing the judgment on the ground of its amount, or on that of the still larger verdict.

Finally it is said, that there was such misconduct in unwarrantable and inflammatory remarks of counsel to the jury that the plaintiff should lose his judgment as a punishment. A flagrant case is required to make such action on the part of the reviewing court proper where the trial judge has done his part, as we think he did in this case, towards keeping the counsel within proper bounds, and has, by denying the motion for a new trial, passed adversely on the sufficiency of the matters taking place before him to warrant such interference. Considerable latitude of expression on anything that is a proper subject of argument must be allowed counsel. In the present case we see nothing in the argument or remarks of counsel which materially, at all events, passes the proper bounds. Certainly it is within the function of an advocate to argue that his client should recover large damages, which is the real purport of one of the remarks seemingly successfully objected to by the appellant.

We find no reversible error in this record, and the judgment of the Circuit Court is accordingly affirmed.

*Affirmed.*